IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-005-BO

| | |
|---|---|
| RHONDA L. RICHMOND,<br>Plaintiff,<br><br>v.<br><br>CAROLYN COLVIN,<br>Acting Commissioner of Social Security,<br>Defendant. | )<br>)<br>)<br>) **ORDER**<br>)<br>)<br>)<br>)<br>) |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 24, 27]. A hearing on this matter was held in Elizabeth City, North Carolina, on December 15, 2015. For the reasons discussed below, plaintiff's motion is granted, defendant's motion is denied, and the judgment of the Commissioner is reversed.

## BACKGROUND

Plaintiff applied for Title II disability insurance benefits on November 13, 2008, alleging onset of her disability on November 1, 2003. [Tr. 52, 139]. Her application was denied initially and upon reconsideration. [Tr. 79, 88]. An Administrative Law Judge (ALJ) held a video hearing on November 23, 2010. [Tr. 13]. The ALJ rendered an unfavorable decision, and the Appeals Council denied Ms. Richmond's request for review on May 25, 2011. [Tr. 1]. Ms. Richmond then appealed to this Court, and on April 24, 2013, this Court remanded the case back to the Commissioner for further proceedings consistent with its opinion. *Richmond v. Colvin*, No. 7:11-CV-147, slip op. at DE 49 (E.D.N.C. Apr. 24, 2013). A second video hearing was held before a new ALJ, and on November 7, 2014, he issued a decision finding that Ms. Richmond was not disabled from November 1, 2003, through December 23, 2007, which was her date last insured.

[Tr. 814]. Plaintiff directly appealed to this Court, seeking judicial review of the ALJ's unfavorable decision pursuant to 42 U.S.C. § 405(g).

DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the Court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity from her alleged onset date through her date last

2

insured. [Tr. 820]. Ms. Richmond's surgical arthrodesis of the right foot, arthritis, degenerative joint disease, Kohler's disease, chronic lower back pain due to degenerative disc disease and herniated disc, status-post surgery, and obesity qualified as severe impairments at step two but were not found to meet or equal a Listing at step three. [Tr. 820–21]. The ALJ then found that Ms. Richmond had the residual functional capacity (RFC) to perform a severely curtailed range of sedentary work, with no more than occasional climbing ramps and stairs, but no climbing ladders, ropes, or scaffolds, and no more than occasional balancing, stooping, kneeling, crouching, but no crawling. [*Id.*] The ALJ found that she required a sit/stand option allowing for position changes every 20 to 30 minutes, could not use her right lower leg for pushing, pulling, or operating foot controls, and needed to avoid all exposure to workplace hazards. [*Id.*] Though the ALJ found at step four that plaintiff could no longer perform her past relevant work, the ALJ relied on a vocational expert's testimony to ultimately determine that she was not disabled because she could perform the jobs of quotation clerk and addresser. [Tr. 826–27].

Disability Listing 1.04A is met when the claimant suffers from a spinal disorder resulting in compression of the spinal cord or a nerve root characterized by, *inter alia*, neo-anatomical distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss, and, if there is involvement of the lower back, a positive straight-leg raising test. 20 C.F.R. Pt. 404, Subpt. P, Appendix I § 1.04A. In dismissing Listing 1.04A, the ALJ found that there was "no evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss . . .; or spinal arachnoiditis . . .; or lumbar spinal stenosis . . . as required by Section 1.04 of the Listings." [Tr. 822]. An ALJ must consider evidence both before and after the date last insured, as the latter can be "reflective of a possible earlier and progressive degeneration." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340

(4th Cir. 2012). Where an impairment is subject to temporary remission, the regulations require an ALJ to "carefully consider the longitudinal history of the impairments, including the occurrence of prior remission, and prospects for future worsening. Improvements in such impairments that is only temporary will not warrant a finding of medical improvement." 20 C.F.R. § 404.1594(C)(3)(iv).

The facts of the case clearly demonstrate that plaintiff met Listing 1.04A. She had severe degenerative disc disorder with nerve compression and neuroanatomical distribution of pain from her low back through her legs both before and after her date last insured of December 31, 2007. [Tr. 266–72, 306, 323–27, 561–62, 640, 655, 670–72, 680–85, 1070–71]. There were objective observations throughout the record of limited range of motion in her lumbar spine [Tr. 304, 451], decreased motor strength in her left leg, decreased sensation in her left leg, and decreased reflexes, [Tr. 439, 553–54] In determining that Ms. Richmond did not meet Listing 1.04A, the ALJ found that her condition improved after her 2005 surgery and did not worsen until 2009, after her date last insured. [Tr. 821]. This conclusion simply is not borne out by the medical evidence. While Ms. Richmond experienced a few months of relief, her pain returned by early 2006 [Tr. 371–72], and Dr. Hsu noted that she had lumbar radiculitis, discogenic back pain with disc desiccation and postoperative changes of the lamina at L4–L5 and herniation at L5–S1 in April 2006. [Tr. 334–35, 369–70]. She received treatment throughout 2007, and the consultative examiner opined that she had significant limitations due to low back and right foot issues that same year. [Tr. 448–51].

Following her date last insured, the record is replete with evidence of back problems. Throughout 2007 and 2008, she received medication to control her back pain. [Tr. 5601–02, 608–55]. A 2009 MRI showed recurrent disc herniation at L4-5 with nerve root compression.

4

[Tr. 561]. Throughout 2009, she demonstrated decreased lumbar range of motion, and her diagnosis remained left lumbar radiculitis and discogenic low back pain. [Tr. 670–79, 680–85]. Dr. Hsu noted that physical therapy aggravated her pain and prescribed electrical stimulation. [Tr. 684–86]. In 2010, she followed up with Dr. Hsu, displaying the same symptoms. [Tr. 808–13]. He did not think surgery was worth the risk, thus she was managed with medications and electrical stimulation. [*Id.*]. In November 2011, Dr. Miller noted that she had "a fairly long, complicated history of difficulties with her lumbar spine." [Tr. 1070]. He recommended repeat surgery with spinal fusion at L4–5 and L5–S1. [Tr. 1071]. She had the surgery on December 13, 2011. [Tr. 1072]. While it initially provided relief, she reinjured her back in March 2012. [Tr. 1065].

It is clear that Ms. Richmond has a long, virtually uninterrupted history of back pain. While she initially showed improvement following the 2005 surgery, the medical evidence confirms that she never experienced full relief. The evidence after her 2005 surgery and before her date last insured confirms that the surgery was not a rousing success. The evidence after the date last insured further bolsters the obvious conclusion that Ms. Richmond suffers from a chronic condition and meets the criteria for Listing 1.04A. The fact that she experienced temporary improvement in 2005 does not undermine her claim for disability from 2003 to 2007, as the temporary relief was quickly followed by deterioration in 2006, and the longitudinal medical record confirms that this is an ongoing condition. Accordingly, the ALJ's decision is not supported by substantial evidence.

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 236 (E.D.N.C. 19870; *see also Evans v. Heckler*, 734 F.2d 1012, 1015

(4th Cir. 1984). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012)). As plaintiff has demonstrated that she meets Listing 1.04A, a remand of this matter would serve no purpose. Accordingly, the decision of the Commissioner is hereby reversed and this matter is remanded for an award of benefits.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings [DE 24] is GRANTED and defendant's motion for judgment on the pleadings [DE 27] is DENIED. This decision of the Commissioner is REVERSED and this matter is REMANDED to the Commissioner for an award of benefits.

SO ORDERED, this ⅔1 day of December, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 7:15-cv-00005-BO   Document 32   Filed 12/22/15   Page 6 of 6